

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Andrew T. Ho
Assistant U.S. Attorney
Andrew.Ho@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

July 6, 2023

Larry Roloff
132 E Broadway, Suite 233
Eugene, OR 97401

      Re:    *United States v. Jason Samuel Conley*
              Case Number 3:21-cr-00173-IM-6
              Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count One of the superseding indictment, alleging conspiracy to possess with intent to distribute and distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(i), and (b)(1)(A)(vi), and admit the forfeiture allegation.

3. **Penalties**: The maximum sentence is life imprisonment, a mandatory minimum sentence of 10 years' imprisonment, a fine of $10,000,000, at least five years' supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Larry Roloff
Re: Jason Samuel Conley Plea Agreement Letter
Page 2
July 6, 2023

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the superseding indictment, the government must prove the following elements beyond a reasonable doubt:

First, beginning on an unknown date but no later than on or before March 2021 and continuing until an unknown date but ending no earlier than the date of the superseding indictment, there was an agreement between two or more persons to knowingly distribute heroin in the District of Oregon and elsewhere;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, the defendant agreed to distribute 1 kilogram or more of a substance containing a detectible amount of heroin, a Schedule I controlled substance.

Defendant admits the elements of the offense alleged in Count One of the superseding indictment.

From March 2021 to May 2021, the Drug Enforcement Administration (DEA) in Portland was conducting a long-term wiretap investigation into a Mexico-based drug trafficking supplier. DEA investigators identified defendant as a Portland, Oregon-based customer of the Mexico-based supplier. Investigators tapped the phone of a Mexico-based drug supplier and intercepted communications in which defendant ordered distributable amounts of heroin, cocaine and counterfeit oxycodone pills containing fentanyl between March 2021 and May 2021.

On May 20, 2021, pursuant to an arrest warrant, investigators stopped and arrested defendant while he was driving. Investigators found $2,894.00 in suspected drug proceeds on defendant's person. Inside defendant's vehicle, they found a firearm with a round chambered and 318 grams of lab tested heroin.

Defendant consented to a search of his Portland, Oregon residence, where investigators found $29,899.00 in suspected drug proceeds and small quantities of heroin and cocaine. Pursuant to a search warrant, investigators then searched defendant's house in Lake Oswego, Oregon. Investigators seized small quantities of cocaine and MDMA, along with 359.6 gross grams of methamphetamine, $12,000.00 in suspected drug proceeds, and two firearms.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors

Larry Roloff
Re: Jason Samuel Conley Plea Agreement Letter
Page 3
July 6, 2023

listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Advisory Guideline Calculation**: The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(c)(5) is a Base Offense Level of 30 based upon a total of at least 1,000 kilograms converted drug weight but less than 3,000 kilogram of converted drug weight, prior to any adjustments or other reductions.

8.    **Firearm Enhancement**: The parties agree defendant possessed a firearm(s) and is subject to a two-level enhancement, pursuant to USSG § 2D1.1(b)(1).

9.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.   **Joint Sentencing Recommendation**: The parties agree to jointly recommend the mandatory minimum sentence of 120 months' imprisonment to be followed by a five-year term of supervised release.

11.   **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

12.   **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any additional downward departures, adjustments or variance to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553.

13.   **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28

Larry Roloff
Re: Jason Samuel Conley Plea Agreement Letter
Page 4
July 6, 2023

U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's conviction(s) under this agreement are vacated, the USAO may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

14.   **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.   **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.   **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If defendant believes that the USAO has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

17.   **Forfeiture Terms**:

   A.   **Assets and Authority:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including $18,727.00 U.S. currency; $17,020.00 U.S. currency; $2,894.00 U.S. currency; $29,899.00 U.S. currency; $12,000.00 U.S. currency; $16,250.00 U.S. currency; $20,005.00 U.S. currency; $7,492.00 U.S. currency; One Harrington and Richardson Model 676 .22 Caliber Revolver; One Glock 19, 9mm Pistol and Magazine; One Marlin 440 .22 Rifle; One American Arms Inc. PK-22 .22 Caliber Handgun; One .22 Cal H&R Inc Model 949 Revolver; One Taurus TCP PT 738 pistol; One Sccy Industries, LLC CPX-1 9mm Caliber Pistol and Magazine; and all associated ammunition and accessories, which defendant admits constitute the proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of 21 U.S.C § 841(a)(1), as set forth in Count One of the superseding indictment.

Larry Roloff
Re: Jason Samuel Conley Plea Agreement Letter
Page 5
July 6, 2023

   B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

   D. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Larry Roloff
Re: Jason Samuel Conley Plea Agreement Letter
Page 6
July 6, 2023

19. **Deadline**: This plea offer expires if not accepted by July 17, 2023 at 5 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Andrew T. Ho*
ANDREW T. HO
STEVEN T. MYGRANT
Assistant United States Attorneys

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

August 10 2023
Date

JASON SAMUEL CONLEY
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

Aug 10 2023
Date

LARRY ROLOFF
Attorney for Defendant